UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CIT BANK, N.A.,

                                  Plaintiff,                      **ORDER ADOPTING REPORT**
                                                                        **AND RECOMMENDATION**
-against-                                                      17-cv-1701 (AMD) (JO)

GERLANDO J. LOCASTRO, DONNA LOCASTRO,

                                Defendants.
------------------------------------------------------------------X

**ANN M. DONNELLY, United States District Judge:**

On March 27, 2017, the plaintiff, CIT Bank, N.A., commenced this action against the defendants, Gerlando J. Locastro, Donna Locastro, and Sustainable Neighborhoods LLC. (ECF No. 1.) On April 3, 2017, the plaintiff filed an amended complaint, removing Sustainable Neighborhoods as a defendant. (ECF No. 10.) After the defendants did not respond to the complaint, the plaintiff filed a motion for default judgment on October 26, 2017, and a supplemental motion for attorney fees on November 17, 2017. (ECF Nos. 24, 29.) On August 2, 2018, the Honorable James Orenstein issued a Report and Recommendation in which he recommended that the Court deny the plaintiff's motion for default judgment, and order the plaintiff to add Sustainable Neighborhoods as a defendant; if the plaintiff does not add Sustainable Neighborhoods, Judge Orenstein recommends that I dismiss the case *sua sponte* without prejudice to the plaintiff's right to file a foreclosure action in state court. (ECF No. 32.) On August 16, 2018, the plaintiff objected to the Report and Recommendation, saying that it complied with New York law, and that I had already ruled that the plaintiff could proceed without joining Sustainable Neighborhoods as a defendant. (*See* ECF No. 34.)

1

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). The court reviews for clear error the remaining portions of a report and recommendation to which there are no specific reasoned objections. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## DISCUSSION

I have reviewed the Report the Recommendation and all related filings as part of my review of the full body of materials submitted to Judge Orenstein on the motions. Based on this review, I conclude, as Judge Orenstein did, that the plaintiff must join Sustainable Neighborhoods as a required party under the Federal Rules of Civil Procedure. Accordingly, I adopt the Report and Recommendation in its entirety as supplemented here.

*I.   The Law of the Case Doctrine*

The plaintiff argues that on July 13, 2017, I ruled that the case could proceed without joining Sustainable Neighborhoods as a defendant. (ECF No. 34 at 1-2.) According to the plaintiff, Judge Orenstein's Report and Recommendation "does not contemplate" my ruling "to proceed in the absence of [Sustainable Neighborhoods]." (*Id.* at 2.) The plaintiff cites the "law of the case" doctrine, and urges me not to revisit my prior ruling. (*Id.*)

"The second branch of the law of the case doctrine is implicated when a court reconsiders its own ruling in the absence of an intervening ruling of a higher court." *Prisco v. A & D*

2

*Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999) (citing *United States v. Uccio*, 940 F.2d 753, 757-58 (2d Cir. 1991)). "It holds 'that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case,' unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal citations omitted).

On April 4, 2017, I ordered the plaintiff to show cause why the case should not be dismissed for failure to join Sustainable Neighborhoods, a necessary party, under the New York Real Property Actions and Proceedings Law § 1311(3). The plaintiff responded on April 6, 2017, arguing that Sustainable Neighborhoods is not an indispensable party. (ECF No. 13.) On July 13th, I ruled that the case could proceed. Judge Orenstein did not base his recommendation only on the plaintiff's failure to join a necessary party under the RPAPL. He also concluded that Sustainable Neighborhoods is a required party under Rule 19 of the Federal Rules of Civil Procedure, because permitting the foreclosure to proceed without Sustainable Neighborhoods as a defendant will, as a practical matter, impair or impede its ability to protect that interest. Because Judge Orenstein's recommendation to deny the plaintiff's motion for default judgment rests on an independent ground, the law of the case doctrine is not implicated.

*II. Necessary Party*

The plaintiff concedes that Sustainable Neighborhoods is a necessary party as a junior lienholder in a foreclosure action under RPAPL, §§ 1300, *et. seq.* (*See* ECF No. 34 at 2.) The plaintiff argues nonetheless that Sustainable Neighborhoods is "not an indispensable party, as an unnamed lienor's rights are unaffected by a judgment of foreclosure and sale," and that the plaintiff has the right to foreclose even where the junior lienor is not a party. (*Id.* at 2-3.)

3

As Judge Orenstein explained, the plaintiff is required to join Sustainable Neighborhoods under the Federal Rules of Civil Procedure because Sustainable Neighborhoods, as a junior lienholder of the property at issue, "claims an interest relating to the [property] and is so situated that disposing of the action in [its] absence may ... as a practical matter impair or impede [its] ability to protect [its] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). The plaintiff's failure to name Sustainable Neighborhoods as a party leaves the junior lienor unable to protect its interest. Judge Orenstein correctly pointed out that the foreclosure proceeding risks impairing the value of Sustainable Neighborhoods' interest because it will "likely result[] in a discounted purchase price, [which] would depress the Property's remaining value." (ECF No. 32 at 9-10.)

## CONCLUSION

Accordingly, I adopt Judge Orenstein's cogent and well-reasoned Report and Recommendation in its entirety as supplemented here.[1] The plaintiff's motions for default judgment and attorneys' fees are denied. The plaintiff is directed to add Sustainable Neighborhoods LLC as a defendant if it can do so without depriving the Court of subject matter jurisdiction. If the plaintiff is unable to do so within 30 days of this order, the Court will dismiss the case without prejudice to the plaintiff's right to file a foreclosure action in state court.

---

[1] Because I adopt Judge Orenstein's recommendation to deny the plaintiff's motion for default judgment and direct the plaintiff to add Sustainable Neighborhoods as a party, the plaintiff is not entitled to the remedies set forth by Judge Orenstein as an alternative ruling in the Report and Recommendation.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              _____
                                              Ann M. Donnelly
                                              United States District Judge

Dated: Brooklyn, New York
       August 22, 2018